UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CALEB DEAN ECCLES, <br><br> Defendant. | CASE NO. CR14-5290 BHS <br><br> ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Caleb Eccles's motion for compassionate release. Dkt. 78. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

In June 2014, Eccles was charged through an indictment with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and Production of Child Pornography/Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e). Dkt. 12. Eccles pled guilty to all three charges. Dkt. 35. On December

4, 2015, Judge Ronald B. Leighton[1] sentenced Eccles to 26 years custody and lifetime supervised release. Dkts. 61, 62. Eccles is currently housed the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan") and is scheduled to be released on July 9, 2036.

On March 19, 2021, Eccles filed a pro se motion for compassionate release. Dkt. 67. Counsel was assigned, Dkt. 72, and the parties stipulated to allow Eccles's counsel to file an amended or supplemental motion, Dkt. 76. On April 15, 2021, Eccles filed his supplemental motion for compassionate release, Dkt. 78, and a motion to seal, Dkt. 80. On April 29, 2021, the Government responded, Dkt. 83, and filed a motion for leave to file overlength briefing, Dkt. 82, and a motion to seal, Dkt. 85. On May 7, 2021, Eccles replied. Dkt. 87.

On May 17, 2021, Eccles moved to stay his motion for compassionate release; Eccles's counsel informed the Court that the Bureau of Prisons had refused to give Eccles his legal mail and that Eccles was unable to review the Government's response or other pleadings to correct any errors or omissions. Dkt. 88. The Court granted the unopposed motion. Dkt. 89. On June 4, 2021, Eccles filed a surreply based on his communication with his counsel after he received his legal mail.

---

[1] This case was reassigned to the undersigned on March 19, 2021 following Judge Leighton's retirement from the federal bench. Dkt. 68.

ORDER - 2

## II. DISCUSSION

**A. Motions to Seal and Motion to File Overlength Briefing**

Regarding the motions to seal, Eccles and the Government assert that the exhibits it submitted in support and in opposition to the motion, respectively, contain Eccles's personal medical information and should remain under seal. Dkts. 80, 85. The Court agrees that this information remains confidential and therefore grants the motions. The Court also grants the Government's unopposed motion to file briefing in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington. Dkt. 82.

**B. Motion for Compassionate Release**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they
are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a
> term of supervised release with or without conditions that does not exceed
> the unserved portion of the original term of imprisonment) if, after
> considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that
> they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
> (2) The defendant is not a danger to the safety of any other person or
> to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister

circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

**1. Extraordinary and Compelling Reasons**

The Court considers a non-exhaustive list of factors other federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease*, see United States v.*

ORDER - 5

> *Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided in determining whether Eccles has extraordinary and compelling reasons. *See Aruda*, 993 F.3d at 801 ("district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a

defendant might raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis and alteration in original)).

Eccles argues that his chronic medical conditions and his parents' health and needs amount to extraordinary and compelling reasons warranting release. Dkt. 78 at 5, 10. He asserts that he has a Body Mass Index ("BMI") of 30.5, has high blood pressure, and is pre-diabetic. *Id.* at 5. But, as the Government notes, while Eccles has a family history of diabetes, Eccles himself has not been diagnosed as diabetic or pre-diabetic. Dkt. 83 at 6. Eccles's BMI places him into the obese category, which the CDC recognizes as a chronic medical condition that increases the risk of severe illness from COVID-19.[2] The CDC also recognizes that hypertension possibly increases the risk of severe illness.

Importantly though, Eccles has tested positive for, recovered from, and received a vaccination for COVID-19. Eccles cites Dr. Marc Stern's declaration and various news reports on the risk of reinfection and vaccine efficacy to support his argument that he remains at risk for severe illness from COVID-19. But these sources are not persuasive. Dr. Stern's declaration is not specific to Eccles and does not address Eccles's specific risks of reinfection or address the reduced risk to someone who has already contracted COVID-19. *See* Dkt. 79 at 6–7. It is consistent with this Court's precedent to find that absent a specific showing that the defendant himself remains especially susceptible to

---

[2] *See* Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated May 13, 2021).

reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (Oct. 8, 2020 W.D. Wash.).

Eccles's susceptibility to COVID-19 reinfection is also nearly eliminated by vaccination. He has received the first dose[3] of the Moderna vaccine, and the risk he will suffer severe illness if he is reinfected with COVID-19 is significantly mitigated by his first vaccine (and will be further mitigated by the second dose). Eccles is correct that, even with the vaccine, his risk of being reinfected is not completely removed because of his weight and the developing science around whether the vaccines are effective against the new COVID-19 variants, but the risk is significantly lowered because he has been vaccinated. The Moderna vaccine Eccles received is 94.1% effective at preventing COVID-19 illness.[4]

At this time, because Eccles has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release. Eccles's argument that his parents' health and needs amount to extraordinary and compelling circumstances fairs no better. While not binding on Eccles's motion, USSG § 1B1.13 limits release for family circumstances to the death or incapacitation of the caregiver of the defendant's minor child(ren) or the incapacitation

---

[3] It is a fair assumption as of the date of this Order, Eccles received his second dose of the Moderna vaccine and would be considered fully vaccinated.

[4] Centers for Disease Control and Prevention, *Moderna Vaccine Overview & Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last updated May 27, 2021).

of the defendant's spouse or registered partner when the defendant would be the only available caregiver. USSG § 1B1.13, cmt. 1(C). Eccles has not made a showing that he is the only available caregiver for his parents, and "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019).

The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden. Eccles is therefore denied compassionate release without prejudice.[5]

### III.  ORDER

Therefore, it is hereby **ORDERED** that Eccles's motion for compassionate release, Dkts. 67, 78, is **DENIED** and that Eccles's motion to seal, Dkt. 80, and the Government's motion for leave to file overlength briefing, Dkt. 82, and motion to seal, Dkt. 85, are **GRANTED**.

Dated this 7th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[5] Because Eccles has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.