UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CALEB DEAN ECCLES,

    Defendant.

CASE NO. CR14-5290 BHS

ORDER

This matter is before the Court on pro se Defendant Caleb Eccles's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 92. The Court considered the briefing in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

**I. BACKGROUND**

In June 2014, Eccles was charged with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and Production of Child Pornography/Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e). Dkt. 12. Eccles pled guilty to all three charges. Dkt. 35. On December 4, 2015, Judge

ORDER - 1

Ronald B. Leighton[1] sentenced Eccles to 26 years of imprisonment and lifetime supervised release. Dkts. 61, 62. Eccles was transferred out of Federal Corrections Institute, Sheridan (FCI Sheridan) at the end of November 2023 and is currently confined at United States Penitentiary, Terre Haute (USP Terre Haute). He is scheduled to be released on July 9, 2036.

In March 2021, Eccles, pro se, moved for compassionate release based on the threat of contracting COVID-19. Dkt. 67. Counsel was assigned, Dkt. 72, and, on April 15, 2021, Eccles filed his supplemental motion for compassionate release, Dkt. 78.

The Court denied that motion. Dkt. 91. It acknowledged that Eccles's health conditions that put him at increased risk of serious illness should he contract COVID-19. These conditions included his being obese, having high blood pressure, and being pre-diabetic. *Id.* at 7. The Court reasoned that the fact he had recovered from contracting COVID-19 and was fully vaccinated against it sufficiently reduced his susceptibility to COVID-19. The Court concluded that, "because Eccles has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release." *Id.* at 8. It also rejected Eccles's argument that his parents' health and needs amount to extraordinary and compelling circumstances warranting his release. It did so in large part because Eccles did not show that he is the only available caregiver for his parents. *Id*.

---

[1] This case was reassigned to the undersigned on March 19, 2021, following Judge Leighton's retirement from the federal bench. Dkt. 68.

ORDER - 2

Eccles moves again for compassionate release based on the conditions of confinement during the COVID-19 pandemic at FCI Sheridan. Dkt. 92. Eccles's motion is largely a form motion that has been filed by numerous defendants held at FCI Sheridan. *See, e.g., United States v. Taylor Nairn*, No. 18-cr-05094-BHS (W.D. Wash.) Dkt. 1185; *United States v. Slaughter*, No. 13-cr-00359-RSL, Dkt. 115; *United States v. Brooks*, No. 19-cr-00093-JLR, Dkt. 112; *United States v. Pigott*, 21-cr-00013-RAJ, Dkt. 35; *United States v. Hernandez-Hernandez*, No. 21-CR-00032-RSM, Dkt. 129; *United States v. Flores-Lopez*, No. 19-cr-00203-RSM, Dkt. 777; *United States v. Fuentes*, 20-cr-00092-JCC, Dkt. 1087.

The motion consists of two generalized forms, the motion itself and a "supplement." It is unclear who the author of the motion is, although it is submitted pro se and Eccles wrote in his name in the first and last lines. The supplement is unsigned, but the motion asserts that it is written by "a law clerk at FCI Sheridan." Dkt. 92 at 1. The motion observes that courts in other cases, including some involving individuals incarcerated at FCI Sheridan, have found that pandemic-induced conditions of confinement can constitute extraordinary and compelling circumstances that warrant a sentence reduction. Dkt. 92 at 1. It explains what it terms "onerous" conditions during lockdowns, including food, staff, and medication shortages. *Id*. It further argues that the conditions of confinement at FCI Sheridan during the pandemic rendered Eccles's sentence more severe than the Court could have contemplated when it originally sentenced him and that a reduction or conversion of his sentence is warranted. *Id*. It so

argues without any facts specific to Eccles's health or experience at FCI Sheridan. The only lines in the first form unique to him are the three where he filled in his name.

The second part of the motion consists of what is titled a "CR supplement." Dkt. 92 at 3–5. It provides more details about the pandemic conditions at FCI Sheridan and a "general outline of the legal argument for using 3582(c)(1)(A)." Dkt. 92 at 1. Like the first form, the supplement highlights other cases where courts have released plaintiffs to home confinement or granted sentence reductions in light of the conditions of confinement during the pandemic. Its analysis of the § 3553(a) factors is similarly generalized. It recounts broad changes in criminal law, including that "crimes committed by teenagers were once punished the same as adults" but now courts take into account adolescent psychology. *Id*. It does not analyze Eccles's underlying convictions apart from noting that his crimes "are surely serious." *Id*. at 4. It similarly does not analyze "the history or personal characteristics" of Eccles specifically, but instead observes that he has "spent a significant amount of time in prison" and consequently urges that "the Court should conclude the negative impact of the characteristics of the defendant has either (worst case scenario) stayed the same, or moved in favor of release." *Id*. It further argues that, because Eccles is in compliance with FSA Programming Status and has completed "relatively few programs," incarceration is not the "most effective manner" to rehabilitate him pursuant to § 3553(a)(2)(D). *Id*. 4–5. In his handwritten "Inmate request to Staff" addressed to the warden for a sentence reduction under § 3582 (c)(1)(A), Eccles briefly states his reasons for seeking compassionate release on the form he submitted to the Bureau of Prisons (BOP) staff: "I am requesting relief for my confinement during the

entirety of the COVID-19 pandemic and the conditions faced (hardships) here at Sheridan FCI." Dkt. 92 at 6.

The Government's opposition, Dkt. 94, argues that Eccles failed to exhaust his administrative remedies as required by the compassionate release statute. *Id*. at 8. The Government acknowledges that Eccles requested relief from the warden of Sheridan, but argues that because "Eccles is no longer at Sheridan, a request to the Sheridan warden does not satisfy the statutory exhaustion." *Id*. at 8–9. Even if Eccles had properly exhausted his claims, the Government argues his "boilerplate allegations about the conditions of confinement at Sheridan fail to establish that extraordinary and compelling circumstances warrant a reduction in *his* sentence." *Id*. at 10.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(1)(A) authorizes prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

*** 
and that such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission; . . . .

Accordingly, the Court may reduce the defendant's sentence upon his motion provided that: (1) he has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on his behalf or has waited until 30 days after the applicable warden has received such a request; (2) he has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sent'g Comm'n 2023).

With the passage of the updated sentencing guidelines in November 2023, § 1B1.13 is now applicable to defendant-initiated motions for compassionate release. U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A). . . .") (emphasis added); *United States v. Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *2 (W.D. Wash. Dec. 14, 2023)

ORDER - 6

1 ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer
2 controls—the policy statement does.") (citing *United States v. Aruda*, 993 F.3d 797, 802
3 (9th Cir. 2021); USSG § 1B1.13).

4 The current policy statement provides six categories of "extraordinary and
5 compelling" reasons: (1) medical circumstances of the defendant, (2) age of the
6 defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other
7 reasons that are "similar in gravity" to the prior four categories, and (6) unusually long
8 sentence. *See Brown*, 2023 WL 8650290 at *2 (citing USSG § 1B1.13(b)(1)–(6). In
9 addition, the defendant must show that he is "not a danger to the safety of any other
10 person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG 1.1B1.13(a)(2).
11 "Thus, in order to obtain relief, the defendant must demonstrate that 'extraordinary and
12 compelling reasons,' as defined by these six categories, justify a reduction in sentence"
13 and "that they are 'not a danger to the safety of any other person or to the community.'"
14 *Brown*, 2023 WL 8650290 at *2–3 (quoting USSG § 1.1b1.13(a)(2)).

**A. Exhaustion Requirement**

16 The Court first considers whether Eccles satisfied the exhaustion requirement.
17 Eccles provided the Court with a copy of the request he submitted, on September 1, 2023,
18 to the warden of FCI Sheridan. Dkt. 92 at 6. Thirty days passed without action or
19 response from BOP. Normally, this would be sufficient to satisfy the exhaustion
20 requirement. Eccles's transfer to a different facility complicates this analysis. The statute
21 requires an inmate to make a request to the "the warden of the defendant's facility" in
22 order to properly exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Eccles was

ORDER - 7

transferred out of FCI Sheridan at the end of November 2023 and is now at USP Terre Haute. Dkt. 94 (Attachment A). Because Eccles is no longer at FCI Sheridan, his request to the FCI Sheridan warden does not satisfy the statutory exhaustion requirement for compassionate release grounded in his conditions of confinement. *United States v. Teregeyo*, No. 1-19-CR-00006, 2023 WL 4992709, at *2 (D. N. Mar. I. Aug. 4, 2023).

Eccles's motion focuses on the ongoing conditions of confinement specific to FCI Sheridan. For example, he details the short staffing, Dkt. 92 at 1, alleges constant abuse from staff there, *id*. at 3, and that FCI Sheridan "is locked down weekend as a matter of schedule." *Id.* at 1. He urges that his motion "is purely attempting to reconcile the additionally punitive nature of the sentence ACTUALLY SERVED, as well as the lack of rehabilitative programs, with the calculation of the defendant's sentence under the 2553(a) factors." *Id*. at 3. Now that he is no longer confined at FCI Sheridan, the Court cannot analyze under the § 3553(a) factors whether or how much to reduce his sentence based on the conditions of confinement at FCI Sheridan and opportunities for rehabilitation (or lack thereof). If Eccles is transferred back to FCI Sheridan, his September 1st letter to the FCI Sheridan warden would be sufficient to exhaust his administrative remedies for the present compassionate release motion. He need not submit a new request to the warden and wait another thirty days for a response. However, his motion fails for the additional reasons explained below.

**B.    "Extraordinary and Compelling" Factors**

Even if Eccles had properly exhausted his claims, he fails to establish extraordinary and compelling reasons warranting release. The Court finds persuasive and

adopts the rational of Judge Robert S. Lasnik's order on an identical motion from an individual incarcerated at FCI Sheridan in *United States v. Slaughter*, No. CR13-359RSL, 2023 WL 5609339 (W.D. Wash. Aug. 30, 2023). Judge Lasnik denied that motion, explaining that it "failed to address" how the situation it alleged "impacted [the defendant] personally and instead describes the conditions of confinement more generally." *Id*. at *4. Eccles's motion suffers the same fatal defect. This Court therefore reaches the same conclusion as Judge Lasnik: the form complaint fails to establish extraordinary and compelling circumstances absent evidence specific to the movant.

This conclusion does not preclude Eccles from challenging his conditions of confinement experienced at FCI Sheridan through a different legal mechanism. Because of his transfer to USP Terre Haute and the fact that his generalized motion does not establish extraordinary and compelling reasons warranting release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court need not consider the § 3553(a) factors.

### III.  ORDER

Eccles's motion for compassionate release, Dkt. 92, is **DENIED without prejudice**.

Dated this 8th day of January, 2024.

BENJAMIN H. SETTLE
United States District Judge